JUDGMENT

PER CURIAM.
This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by appellant. See Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is
ORDERED AND ADJUDGED that the district court’s order filed June 3, 2008, be affirmed. Because one district court has no jurisdiction to review the decision of another district court, see Celotex Corp. v. Edwards, 514 U.S. 300, 313, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995), the U.S. District Court for the District of Columbia properly determined it lacked jurisdiction to review action taken by the U.S. District Court for the Eastern District of Michigan (Southern Division). Moreover, because a challenge to a state court action must proceed through that state’s system of appellate review rather than through a federal district court, see Johnson v. De Grandy, 512 U.S. 997, 1006, 114 S.Ct. 2647, 129 L.Ed.2d 775 (1994) (citing District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416, 44 S.Ct. 149, 68 L.Ed. 362 (1923) (Rooker-Feldman doctrine)), the district court properly determined it lacked jurisdiction to review action taken by a Michigan state court. Consequently, the district court had no *461 authority to grant any of the relief requested.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.